*D. R. Carr, Moss, for appellant.*

---

G. J. PATE, ET AL., *v.* HANCOCK COUNTY, ET AL.

**Receivers—Appointment of Receiver.**

There is no statute authorizing the appointment of a receiver of funds belonging to the county. Where there is a balance found due from the sheriff after a settlement is made with him, it is necessary for the county court to appoint a receiver to collect the money.

**Bond of Receiver.**

It is the duty of a receiver to furnish a bond, and where he fails to do so the sheriff has no right to pay the money until the bond is given. He was not the receiver until he executed the bond.

APPEAL FROM HANCOCK CIRCUIT COURT.

October 20, 1877.

OPINION BY JUDGE PRYOR:

The attention of this court has not been called to any local statute authorizing the appointment of a receiver of funds belonging to the county of Hancock, and construing as we do the 9th section of Art. 3, Chap. 27, Gen. Stat., it becomes necessary for the county court, after a settlement is made with the sheriff, if there is a balance found due by that officer, to appoint a receiver to collect the money whose duty it shall be to execute bond with surety before he can act as such. No bond was executed by the receiver in this case. The bond relied on had been executed in the year 1872, while the receiver was appointed in the year 1875. The sheriff had no right to pay the money until the bond was executed, nor was the appellee a receiver until he executed the bond. There is no law in the general statutes authorizing the appointment of a general receiver of the funds of a county. When the settlement is made with the sheriff and he is in arrears a receiver may be appointed to collect what is due from that sheriff, and before he is receiver he must execute bond. The judgment is, therefore, *reversed* and cause remanded with directions to sustain the demurrer and for further proceedings.

*R. Y. Bush, for appellants.*